IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00396-MR-DCK

| | |
|---|---|
| **ASHLEY CASANOVA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **PFIZER, ACTALENT TEMPORARY** ) | |
| **AGENCY, GRAIL INC., PILGRIM** ) | |
| **CHICKEN COMPANY, TYSONS** ) | |
| **FOOD, BERRY GLOBAL, BEST CO.,** ) | |
| **GENERAL MOTORS, GLENMARK** ) | |
| **PHARMA, CAPTAIN D'S, KELLY** ) | |
| **SERVICESTEMPORARY AGENCY,** ) | |
| **MARATHON STAFFING TEMPORARY** ) | |
| **AGENCY, NORTH CAROLINA HUMAN** ) | |
| **RELATIONS COMMISSION, UNION** ) | |
| **COUNTY BOARD OF ELECTIONS,** ) | |
| **PLANET FITNESS, QUALITY INN,** ) | |
| **UNION COUNTY, NC, MONROE, NC,** ) | |
| **WENDY'S, LOWES WAREHOUSE,** ) | |
| **DOLLAR CONE ICE CREAM SHOP,** ) | |
| **DOLLAR TREE, NATIONAL GENERAL** ) | |
| **INSURANCE, STATE FARM** ) | |
| **INSURANCE, TURNING POINT FOR** ) | |
| **WOMEN (NC), UNITED STATES** ) | |
| **POSTAL SERVICE, NORTH** ) | |
| **CAROLINA, BEST WESTERN,** ) | |
| **HAMPTON INN, WALMART, BP,** ) | |
| **NASA, INSTAGRAM, MARION** ) | |
| **HOLLOWAY, ROY COOPER, JOE** ) | |
| **BIDEN, UNION COUNTY** ) | |
| **POLICE/SHERIFF AND** ) | |
| **CORRECTIONAL FACILITY, ROBERT** ) | |
| **BURNS, MECKLENBURG COUNTY** ) | |

POLICE, CORRECTIONAL FACILITY, )
AND INMATES, MAX O. COGBURN, )
JR., SUSAN C. RODRIQUEZ, UNITED )
NATIONS, FEDERAL GOVERNMENT, )
WAKE COUNTY, NC, PHILLIP )
HUNTER LILES, and JAKE LNU, )
                                )
             Defendants.        )
_____ )

**THIS MATTER** is before the Court on initial review of the Plaintiff's Complaint as Amended [Docs. 1, 4]. See 28 U.S.C. § 1915(e)(2). Also before the Court is the Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 5].

## I. BACKGROUND

On April 15, 2024, the *pro se* Plaintiff Ashley Casanova ("Plaintiff") filed this action against Defendants Pfizer, Actalent Temporary Agency, Grail Inc., Pilgrim Chicken Company, Tysons Food, Berry Global, Best Co., General Motors, Glenmark Pharma, Captain D's, Kelly Services Temporary Agency, Marathon Staffing Temporary Agency, North Carolina Human Relations Commission, Union County Board of Elections, Planet Fitness, Quality Inn, Union County, NC, Monroe, NC, Wendy's, Lowes Warehouse, Dollar Cone Ice Cream Shop, Dollar Tree, National General Insurance, State Farm Insurance, Turning Point for Women (NC), United States Postal Service, North Carolina, Best Western, Hampton Inn, Walmart, BP, NASA, Instagram,

Marion Holloway, Roy Cooper, Joe Biden, Union County Police/Sheriff and Correctional Facility, Robert Burns, Mecklenburg County Police, Correctional Facility, and Inmates, Max O. Cogburn, Jr., Susan C. Rodriquez [sic], United Nations, Federal Government, Wake County, NC, Phillip Hunter Liles, and Jake LNU. [Doc. 1]. The Plaintiff filed a similar complaint several months ago against many of the same defendants, which was dismissed as frivolous by this Court on December 6, 2023. Casanova v. Biden et al., No. 3:23-cv-00392-MOC-SCR (W.D.N.C. Dec. 6, 2023), ECF No. 9.

In her Complaint, the Plaintiff brings numerous claims, primarily alleging racial discrimination against the various Defendants. [Doc. 1]. On April 30, 2024, the Plaintiff filed an Amended Complaint as the Court gave her notice that her first Complaint was missing her signature. [Doc. 4]. The Plaintiff also included additional alleged civil rights violations in her Amended Complaint. [Id.]. It appears that this is a piecemeal amendment, as the Plaintiff references allegations in her original Complaint but did not repeat them in the Amended Complaint.

The Plaintiff's prayer for relief includes "a 5 Bedroom / 2+ Bathroom, two-story home in Monroe, NC in a nice neighborhood with the home cost around $350K+," "2 new cars under my name, paid in full," "a clean criminal/traffic/credit history to be able to buy things on credit in the future

3

and for seeking civil rights violation and justice," and "an additional $4.9 Trillion." [Doc. 4 at 25-25].

While at times difficult to follow and lacking detail, the Plaintiff's allegations appear to arise from several different incidents, some of which are seemingly unrelated. Rather than summarize the alleged facts here, the Court will refer to relevant facts as necessary throughout its analysis.

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings

> drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III. DISCUSSION

### A. Previously Filed Claims

As noted above, the Plaintiff previously filed a similar suit in this Court against several of the same Defendants in this case, specifically, Pfizer, Actalent Temporary Agency, Grail Inc., Pilgrim Chicken Company, Tysons Food, General Motors, Glenmark Pharma, Captain D's, Kelly Services Temporary Agency, Marathon Staffing Temporary Agency, Planet Fitness, Best Western, Quality Inn, Union County, NC, Monroe, NC, Wendy's, Lowes Warehouse, North Carolina, Walmart, Roy Cooper, Joe Biden, Federal Government, Dollar Cone Ice Cream Shop, Berry Global, Best Co., Dollar Tree, State Farm Insurance, National General Insurance, United States Postal Service, and Turning Point for Women (NC). Casanova v. Biden et al., No. 3:23-cv-00392-MOC-SCR (W.D.N.C. June 29, 2023), ECF No. 1. These claims were dismissed without prejudice as frivolous.

In the present case, the Plaintiff names the same Defendants but only notes that the claims against them are "[p]re-explained in Civil Action 3:23-CV-00329 [*sic*]" and does not otherwise supplement or amend such claims. [Doc. 1 at 2-5]. As the Plaintiff is simply reasserting the same allegations that were previously dismissed with regard to these Defendants and adds no additional legal or factual support for such claims, the Court will again

dismiss these claims without prejudice as frivolous.  The Plaintiff is further cautioned against refiling these claims without providing allegations of fact so as to present plausible claims against these Defendants.

B. **Sovereign Immunity**

The Plaintiff purports to name the North Carolina Human Relations Commission as a Defendant.  The Eleventh Amendment deprives federal courts of any jurisdiction to hear state law claims by private parties against states, including state agencies and departments.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-06 (1984).  The Eleventh Amendment applies with its full sweep to bar any relief, whether legal or equitable.  Id. at 106.  The bar includes pendent state law claims as well as all federal claims, except in those cases where Congress has expressly abrogated the states' Eleventh Amendment rights.  See Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990).  A state may waive the protection of the Eleventh Amendment by state statute or state constitutional provision.  Edelman v. Jordan, 415 U.S. 651, 673-74 (1974).  Any such waiver, however, must be clearly and unequivocally expressed.

Because Congress has not abrogated the states' immunity in any of the types of claims brought by the Plaintiff, and the State has not waived its

immunity, the Plaintiff's claim against the North Carolina Human Relations Commission is dismissed with prejudice.

### C. Judicial Immunity

The Plaintiff names as Defendants Judge Max. O Cogburn, Jr., and Judge Susan C. Rodriguez. [Doc. 1]. Judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Accordingly, the Plaintiff's claims against Judge Cogburn and Judge Rodriguez are barred by judicial immunity and are therefore dismissed with prejudice. See, e.g., Galloway v. Davis, No. 23-1386, 2023 WL 4105708 (4th Cir. June 21, 2023) (affirming dismissal with prejudice of a Bivens action under § 1915(e)(2) as barred by judicial immunity); Mills v. Marchant, No.

8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2-3 (D.S.C. June 4, 2019), adopted, 2019 WL 2644216 (D.S.C. June 27, 2019) (noting that dismissal with prejudice is proper under 28 U.S.C. § 1915 where claims against a judge are barred by the doctrine of judicial immunity and therefore frivolous).

### D. Private Party Defendants

#### 1. Hampton Inn

The Plaintiff alleges discrimination and retaliation claims against Hampton Inn pursuant to Title II of the Civil Rights Act because she was asked to leave the hotel by the front desk clerk. [Doc. 1 at 13]. The Plaintiff, however, alleges no facts that support a plausible finding of racial discrimination. She only alleges in a conclusory fashion that she was asked to leave because she is white, but it instead appears from Plaintiff's own allegations that the clerk asked her to leave because she was not a guest at the hotel. [Id.]. Without any plausible factual allegations to support the Plaintiff's claim that she was treated disparately or wrongfully based on her race, this claim cannot survive initial review and will be dismissed.

#### 2. BP

The Plaintiff alleges that BP also discriminated against her by calling the police on her because she is white. [Id. at 17]. While the Plaintiff alleges that she was arrested for trespassing, she does not allege any facts that

suggest that the call to the police or the arrest were racially motivated or had anything to do with her race. This claim therefore fails initial review and will be dismissed.

### 3. Instagram

The Plaintiff alleges that she was discriminated against by Instagram because she is white and was "attacked by Instagram for no reason." [Id. at 19-20]. She alleges that her account was closed because Instagram thought it was fake. [Id. at 19]. As with the Plaintiff's other claims against private businesses, she does not allege specific facts that support any plausible finding of racial discrimination. Nothing in the facts as alleged plausibly support a claim that Instagram's actions were taken because of the Plaintiff's race or any other illegitimate reason. Therefore, this claim will be dismissed.

### 4. Walmart

The Plaintiff brings a similar claim of discrimination against Walmart, alleging that she was racially profiled by a former employee who asked her about whether she had kids, whether she had a job, and where she was staying. [Id. at 15]. Again, the Plaintiff has not alleged any facts that support a claim of racial discrimination—there is no indication that the employee mentioned her race or treated her differently based on her race. Therefore, this claim also fails and will be dismissed.

### 5. Phillip Hunter Liles

The Plaintiff brings a claim against Wake County Public Defender Phillip Hunter Liles, which the Court will construe as an ineffective assistance of counsel claim. [Doc. 4 at 17-18]. The Plaintiff alleges that she was unable to appeal her motor vehicle fraud conviction because Liles advised her to plead guilty. [Id. at 18]. The Plaintiff seeks relief for this claim in the form of the firing of Liles, court costs, and damages of $100 billion. [Id.]. To the extent that the Plaintiff is attempting to bring an ineffective assistance of counsel claim, this Court is not the proper forum in which to do so. Aside from any potential ineffective assistance of counsel claim, the Plaintiff has not stated any claim upon which the relief sought can be granted, and therefore this claim will be dismissed.

### 6. Jake LNU

The Plaintiff brings a claim against Jake LNU, a Monroe Police Officer, who she alleges harassed and arrested her because she is white. [Id. at 19]. The Plaintiff claims that Jake LNU violated the Fourteenth Amendment based on his racial discrimination against her. [Id. at 20]. As with many of the Plaintiff's other claims, she provides no plausible allegations that the actions of this Defendant were in any way racially motivated or discriminatory. Indeed, confusingly, the Plaintiff alleges that Jake FNU

called her black, but that she was harassed and discriminated against because she was white. [Id. at 19-20]. Because the facts alleged by the Plaintiff do not support a viable claim, the claims against Defendant Jake LNU will be dismissed.

### 7. Marion Holloway

The Plaintiff brings a claim against Marion Holloway, the former mayor of Monroe, but merely alleges that she complained to Holloway but "he could not help." [Id. at 21]. The Plaintiff does not otherwise allege any action or wrongdoing by this Defendant; therefore, this claim will be dismissed.

## E. Public Official/Entity Defendants

### 1. Robert Burns

The Plaintiff is suing Robert Burns, the current mayor of Monroe, North Carolina, because, she alleges, she did not get a fair shot at running for mayor and deserves the position. [Doc. 1 at 23]. Aside from the fact that the Plaintiff has not stated any viable claim against Burns, the relief sought, which appears to be the installation of the Plaintiff as mayor, is not within the power of this Court to grant. Therefore, this claim will be dismissed.

### 2. Wake County, North Carolina

The Plaintiff claims that she cannot get a driver's license because her license was suspended as a result of mistaken charges in her criminal

record. [Doc. 4 at 12-13]. She therefore is suing Wake County and the Wake County Licensing Bureau for emergency relief to "clean" her criminal and traffic history. [Id. at 14]. As an initial matter, to the extent she aims to do so, the Plaintiff may not bring a § 1983 civil rights claim challenging the validity of her state court convictions. Heck v. Humphrey, 512 U.S. 477, 487 (1994). "Heck v. Humphrey bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply that the plaintiff's earlier conviction was invalid. The Heck analysis requires a close factual examination of the underlying conviction." Riddick v. Lott, 202 F. App'x 615, 616 (4th Cir. 2006). Although it is not entirely clear what the Plaintiff is alleging in regard to her state court charges, she is clearly seeking expungement of her criminal records. [Doc. 4 at 13-14]. Any such claim is barred under Heck and must be dismissed. Therefore, the Plaintiff's claims against Wake County and the Wake County Licensing Bureau will be dismissed.

### 3. Mecklenburg County Police, Correctional Facility, and Inmates

With respect to the Mecklenburg County Police, Correctional Facility, and Inmates, the Plaintiff claims that she was discriminated against at the facility as the only white person amid employees who were all "black descendent." [Doc. 1 at 24]. She claims that she was not given the special

diet required for her pregnancy and was sexually harassed by Officer Patterson-Staton. [Id. at 24-25]. The Plaintiff also claims that another officer, Officer Bailey, put drugs in her food. [Id. at 25]. She additionally claims that she was sexually harassed and threatened by an inmate named Williams, and she complained to staff but no one did anything because the Plaintiff is white.[1] [Id. at 26]. As the Plaintiff only names the County Police and Correctional Facility as a Defendant, and no individuals, the Court will construe this claim as a § 1983 Monell claim.

Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (holding that a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

---

[1] Given the nature of the Plaintiff's allegations, the Court will construe this claim as a failure to protect claim under 42 U.S.C. § 1983 rather than a claim against the individual inmate.

Here, the Plaintiff has not alleged that any of the officers involved were acting pursuant to a policy or custom of the county's police or its correctional facility. Therefore, the Plaintiff has not stated a claim against this Defendant and this claim will be dismissed.

### 4. Union County Board of Elections

While the Plaintiff lists the Union County Board of Elections as a Defendant in this action, the Plaintiff makes no allegations anywhere in the Complaint or the Amended Complaint against this Defendant. Therefore, this Defendant will be dismissed.

### 5. Union County Police/Sheriff and Correctional Facility

Although the Plaintiff brought a claim against the Union County Police/Sheriff and Correctional Facility in her last action in this Court, it appears that she added additional factual allegations in this action. The Plaintiff alleges that the Union County Police have retaliated against her because she complained about them because of the discrimination she experienced. [Doc. 1 at 22]. She claims that officers stole her car keys, vitamins, and car; took her to jail; and put her in a pink padded room without food or a bed. [Id. at 23].

Like the Plaintiff's claim against the Mecklenburg County Police and Correctional Facility, the Court construes this claim as a § 1983 Monell claim.

Again, however, the Plaintiff has not alleged any facts that suggest that the officers were acting under a custom or policy of Union County. Therefore, this claim will also be dismissed.

### 6. United Nations

With respect to the United Nations, the Plaintiff states: "I am suing the UN to keep them aware of my world-class issue. . . . I would like my Families Name: Casanova to be covered worldwide to avoid racism and also to be seen as an asset among other nations, as well as, my own." These allegations are nonsensical and do not state any claim for relief; therefore, the United Nations will be dismissed as a Defendant.

### 7. NASA

The only allegation that the Plaintiff makes with respect to NASA is that she appears to have not been chosen by the judges in a "NASA Competition." [Doc. 1 at 18]. Because this allegation is frivolous and nonsensical and fails to state a claim of discrimination or otherwise, the Plaintiff's claim against NASA will be dismissed.

### F. Motion to Proceed *In Forma Pauperis*

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 5]. Upon review of the Plaintiff's Application, the Court finds that the Plaintiff lacks

sufficient resources from which to pay the filing fee required for this action. Accordingly, the Court finds that the application should be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will dismiss her Complaint without prejudice except with respect to Defendants North Carolina Human Relations Commission, Max O. Cogburn, Jr., and Susan C. Rodriguez, which claims are dismissed with prejudice. As to the other claims which are dismissed without prejudice, the Court will allow the Plaintiff thirty (30) days to amend her Complaint, if she so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. The Plaintiff is further cautioned against combining multiple causes of action against multiple defendants in one Complaint and should instead separate her unrelated causes of actions where appropriate. Should the Plaintiff fail to timely amend her Complaint in accordance with this Order, the Court will dismiss this action.

Furthermore, the Plaintiff is warned that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating,

33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint as Amended [Docs. 1, 4] fails initial review under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. The Complaint is **DISMISSED WITH PREJUDICE** with respect to Defendants North Carolina Human Relations

Commission, Max O. Cogburn, Jr., and Susan C. Rodriguez. The claims against all other Defendants shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. **If Plaintiff fails to so amend her Complaint, the matter will be dismissed.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 5] is **GRANTED.**

**IT IS SO ORDERED.**

Signed: May 15, 2024

Martin Reidinger
Chief United States District Judge